**UNITED STATES OF AMERICA**
**MERIT SYSTEMS PROTECTION BOARD**

DEBBIE J. COLES-MITCHELL,
          Appellant,

          v.

UNITED STATES POSTAL SERVICE,
          Agency.

DOCKET NUMBER
CH-0353-10-0831-C-2

DATE: December 3, 2014

# THIS FINAL ORDER IS NONPRECEDENTIAL[1]

Debbie J. Coles-Mitchell, Southfield, Michigan, pro se.

Deborah L. Lisy, Esquire, Chicago, Illinois, for the agency.

**BEFORE**

Susan Tsui Grundmann, Chairman
Anne M. Wagner, Vice Chairman
Mark A. Robbins, Member

**FINAL ORDER**

¶1      The appellant has filed a petition for review of the compliance initial decision, which denied the petition for enforcement.  Generally, we grant petitions such as this one only when:  the initial decision contains erroneous findings of material fact; the initial decision is based on an erroneous

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law.  Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions.  In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law.  See 5 C.F.R. § 1201.117(c).

interpretation of statute or regulation or the erroneous application of the law to the facts of the case; the judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed. *See* Title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115). After fully considering the filings in this appeal, and based on the following points and authorities, we conclude that the petitioner has not established any basis under section 1201.115 for granting the petition for review. Therefore, we DENY the petition for review and AFFIRM the initial decision, which is now the Board's final decision. 5 C.F.R. § 1201.113(b).

## DISCUSSION OF ARGUMENTS ON REVIEW

¶2        In *Coles v. U.S. Postal Service*, 118 M.S.P.R. 249, ¶¶ 1, 3-4 (2012), the Board affirmed the administrative judge's decision that the agency arbitrarily and capriciously denied the appellant restoration following partial recovery from a compensable injury. The Board ordered the agency to restore the appellant to her former modified assignment, effective May 26, 2010. *Id.*, ¶¶ 18-19. The Board also directed the agency to "otherwise adhere to its restoration obligations as set forth under its own rules and 5 C.F.R. § 351.301(d)." *Id.*, ¶ 19.

¶3        The appellant filed a first petition for enforcement alleging that the agency failed to properly calculate her back pay, and the administrative judge found the agency in noncompliance. *Coles-Mitchell v. U.S. Postal Service*, MSPB Docket No. CH-0353-10-0831-C-1, Initial Decision (Jan. 14, 2013). On referral to the Board, the agency presented evidence of compliance and, noting that the appellant did not respond to the agency's submission showing its compliance, the Board dismissed the petition for enforcement. *Coles-Mitchell v. U.S. Postal*

*Service*, MSPB Docket No. CH-0353-10-0831-X-1, Final Order (Aug. 16, 2013). Neither party filed an appeal from that decision.

¶4    More than 4 months later, the appellant filed a second petition for enforcement, alleging that the agency's April 2013 rehabilitation assignment offer as a Customer Care Agent did not comply with the Board's order. *Coles-Mitchell v. U.S. Postal Service*, MSPB Docket No. CH-0353-10-0831-C-2, Compliance (C-2) File, Tab 1.  The agency argued that it complied with the Board's order and that the second petition for enforcement was untimely filed and was barred by res judicata.  C-2 File, Tab 5.

¶5    The administrative judge issued a compliance initial decision in which he found that:  (1) the second petition for enforcement was timely; (2) the appellant was not precluded by res judicata from filing the second petition for enforcement; and (3) the agency proved that it complied with the Board's order.  C-2 File, Tab 15, Compliance Initial Decision (CID).  With respect to the third issue, the administrative judge credited the agency's evidence that the Detroit Priority Mail Center (PMC), where the appellant used to perform limited duty as a Small Parcel Bundle Sorter (SBS), was closed when the appellant was ready to return to duty in May 2013, and he found that the agency had a compelling reason to place the appellant in a different position than she held prior to the Board's order.  CID at 9.  The administrative judge examined the salary, duties, and responsibilities of the two positions, and he found that the positions were "substantially equivalent." CID at 9, 11-12.  The administrative judge also rejected the appellant's assertion that she was coerced to accept the Customer Care Agent position.  CID at 13.  He further found that the agency met its burden to return the appellant as nearly as possible to the status quo ante by placing her in the Customer Care Agent position, and he denied the petition for enforcement.  CID at 14.

¶6    The appellant filed a petition for review, and the agency filed a response. Petition for Review (PFR) File, Tabs 1, 3.[2]   The appellant appears to argue on review that:  (1) the Detroit PMC is open seasonally and her former position is still available; (2) she was forced to work outside of her restrictions; and (3) the Customer Care Agent position is not substantially equivalent to her former position.  PFR File, Tab 1.[3]   These arguments constitute mere disagreement with the administrative judge's findings and do not warrant full review of the record by the Board.  *See Weaver v. Department of the Navy*, 2 M.S.P.R. 129, 133-34 (1980).  Nevertheless, we have considered her arguments, but we do not find them persuasive.

¶7    As noted by the administrative judge, to remedy its wrongful action, the agency is required to restore the appellant as nearly as possible to the status quo ante.  CID at 8; *see Kerr v. National Endowment for the Arts*, 726 F.2d 730, 733 (Fed. Cir. 1984).  Following the Board's order, the appellant's physician had apparently restricted her from working because of her medical condition, and she was unable to work.  *See* CID at 2-3.  The record reflects that, in April 2013, the agency made the appellant a rehabilitation assignment offer for a full-time Customer Care Agent position, the appellant's doctor released her to return to duty, and she accepted the offer in May 2013.  *See* C-2 File, Tab 12 at 29-30, 34.

[2] The agency did not file a cross petition for review challenging the administrative judge's conclusion that the petition for enforcement was timely filed and/or that the petition for enforcement was not barred by res judicata.  We affirm the administrative judge's decision in this regard.

[3] The appellant filed a submission below in which she appeared to assert that premiums for her health insurance were withheld both from her Office of Workers' Compensation Programs payments and her back pay award for the same period.  *See* C-2 File, Tab 7. The administrative judge docketed a separate claim of noncompliance regarding this assertion.  C-2 File, Tab 9 at 1; *see Coles-Mitchell v. U.S. Postal Service*, MSPB Docket No. CH-0353-10-0831-C-3.  To the extent that the appellant discusses this allegation on review, PFR File, Tab 1 at 15-16, this issue is not before Board in this matter.

Since June 3, 2013, however, the appellant has been off work due to a compensable injury. *See, e.g.*, *id.* at 18, 35-36.

¶8 The record also reflects that, at the time the appellant accepted the Customer Care Agent position, the duties of that position were within her then existing medical restrictions. *Compare id.* at 31-32 (job description), *with id.* at 34 (April 26, 2013 doctor's note indicating that the appellant is released to work on May 6, 2013, with the following restrictions: no lifting over 10 pounds, only a chair with a back, may work over 40 hours per week). That the appellant's medical condition may have worsened *after* she began working in the Customer Care Agent position, *see, e.g.*, C-2 File, Tab 6, Exhibit 4, Tab 12 at 35-36, and her concomitant assertion that the Customer Care Agent position no longer falls within her *current* medical restrictions, PFR File, Tab 1 at 8-9, has no bearing on the issue before us, namely whether the agency's offer of the Customer Care Agent position to the appellant when she was cleared to return to duty in May 2013, constitutes compliance with the Board's order.

¶9 Regarding the appellant's assertion that the Detroit PMC is open seasonally, the record reflects that the administrative judge carefully considered the evidence, both from this matter and the appellant's first petition for enforcement, which included an agency declaration indicating that the Detroit PMC closed in August 2012, and he noted that the appellant did not provide such a sworn statement. *See* CID at 9. We discern no error with his conclusion that, based on this evidence, it was more likely than not that the Detroit PMC was closed when the appellant returned to work in May 2013. *See* CID at 9. The administrative judge further noted that, even if the Detroit PMC were operational for part of the year, this fact did not warrant a different outcome because the Board's order called for a full-time year-round position and a position in a location only opened seasonally would not comport with that order. *See* CID at 9 n.5. We discern no error with his analysis in this regard.

¶10     Regarding her assertion that the Customer Care Agent position is not substantially equivalent to her former modified assignment, the appellant does not appear to challenge the administrative judge's conclusion that the salary for the two positions was "identical," although the salary for the Customer Care Agent position was augmented in late 2013, due to apparent craft and cost of living increases. *See* CID at 9-10. The administrative judge also examined whether the duties and responsibilities between the limited-duty SBS position and the Customer Care Agent position were substantially equivalent in scope and status. *See* CID at 10-11 (citing *Tubesing v. Department of Health & Human Services*, 115 M.S.P.R. 327, ¶ 7 (2010)). The appellant does not appear to dispute the administrative judge's characterization that the duties of the limited duty SBS position included "numerous Clerk duties" such as: answering phones; making calls; making holiday schedules; typing letters; obtaining mail from other stations, and separating, labeling, and dispatching such mail; and inputting information into the computer. CID at 10. Nor does she appear to dispute his discussion of the documentary evidence in the record, which shows that the duties of the Customer Care Agent position centered around receiving, classifying, and processing customer inquiries over the telephone. *See* CID at 10-11; *see also* C-2 File, Tab 12 at 29-32 (rehabilitation assignment offer and Customer Care Agent job description).

¶11     Rather, the appellant appears to object to the administrative judge's conclusion that "answering the phone" is "the same" in the Customer Care Agent position as in her former position. PFR File, Tab 1 at 9. This is a mischaracterization of the administrative judge's analysis. The administrative judge acknowledged that the appellant's prior position "included some mail sorting" while the Customer Care Agent position did not involve any mail handling, and he noted that the two positions had different purposes. *See* CID at 11. The administrative judge considered the fact that the agency was ordered to return her to duty as an individual who was partially recovered from a

compensable injury, and he determined that the agency should be afforded more leeway because the appellant had only been performing a "hodge podge" of duties in the former position. CID at 11-12. Noting that there was an "overlap of the general type of duties" between the two positions, and acknowledging that the agency had difficulty finding a position within the appellant's restrictions within her local commuting area, the administrative judge concluded that the two positions were substantially equivalent. CID at 12. Although this case presents a close call, the initial decision reflects the administrative judge's careful consideration of the evidence and the relevant case law, and we affirm his conclusion that the positions are substantially equivalent.

¶12        The appellant also appears to contend that "hand casing"—one of the tasks that she once performed in her former position—is still being done and that other people are performing this work. PFR File, Tab 1 at 3. Although her petition for review is made "under penalty of perjury," she does not indicate that there is such full-time work available, nor does she identify who is performing that work. Such nonspecific, conclusory assertions are insufficient to rebut the agency's evidence of compliance. *See Tubesing v. Department of Health & Human Services*, 112 M.S.P.R. 393, ¶ 13 (2009).

¶13        Based on our review of the record, we agree with the administrative judge that the agency's offer of the Customer Care Agent position in April 2013, complied with the Board's order, and thus, the administrative judge properly denied the appellant's petition for enforcement.

## NOTICE TO THE APPELLANT REGARDING
## YOUR FURTHER REVIEW RIGHTS

You have the right to request review of this final decision by the United States Court of Appeals for the Federal Circuit. You must submit your request to the court at the following address:

United States Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, DC 20439

The court must receive your request for review no later than 60 calendar days after the date of this order. *See* 5 U.S.C. § 7703(b)(1)(A) (as rev. eff. Dec. 27, 2012). If you choose to file, be very careful to file on time. The court has held that normally it does not have the authority to waive this statutory deadline and that filings that do not comply with the deadline must be dismissed. *See Pinat v. Office of Personnel Management*, 931 F.2d 1544 (Fed. Cir. 1991).

If you need further information about your right to appeal this decision to court, you should refer to the federal law that gives you this right. It is found in Title 5 of the United States Code, section 7703 (5 U.S.C. § 7703) (as rev. eff. Dec. 27, 2012). You may read this law as well as other sections of the United States Code, at our website, http://www.mspb.gov/appeals/uscode.htm. Additional information is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, and 11.

If you are interested in securing pro bono representation for your court appeal, you may visit our website at http://www.mspb.gov/probono for a list of attorneys who have expressed interest in providing pro bono representation for Merit Systems Protection Board appellants before the court. The Merit Systems

Protection Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.


FOR THE BOARD:                         _____
                                       William D. Spencer
                                       Clerk of the Board

Washington, D.C.